IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TESHA JOYCE,                    )
                                )
         Plaintiff,             )
                                )
         v.                     )        1:25CV136
                                )
OFFICER TUTTLE, et al.,         )
                                )
         Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in Rockingham County, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

I.  Plaintiff's claims are not clear. She lists six Defendants in the caption of her Complaint: Officer Tuttle, Sergeant Odell, Sergeant Muncy, Nurse Jo, Nurse Rebecca, and Captain Brown. However, only four, Defendants Tuttle, Brown, Muncy, and Odell, are listed in § I(B) of the Complaint. Further, only Defendants Tuttle, Brown, and Nurse Jo are mentioned anywhere else in the Complaint. The other three are not discussed. As to the three that are discussed, the Complaint alleges only that Defendant Nurse Jo refused Plaintiff medication on a single day, that on another day Defendant Tuttle pushed Plaintiff in her room, and that Defendant Brown placed her in a room by herself after she attempted to call a county commissioner. No surrounding facts are listed as to any of these allegations and Plaintiff does not allege that she suffered any harm from these finite occurrences. Therefore, Plaintiff's claims are not clear. Plaintiff did also send a cover letter in which she sets out other allegations and mentions Defendant Nurse Rebecca. However, that letter and the allegations in it are not part of the Complaint. Even if they were, the letter claims that Nurse Rebecca stated that she is following the

doctor's orders at the Rockingham facility regarding Plaintiff's blood pressure. The doctor who allegedly gave the orders is not listed as a Defendant. Further, the letter contains allegations not clearly tied to any Defendant and some not even tied to Plaintiff or the Rockingham Detention Center. Plaintiff cannot raise claims on behalf of others or related to occurrences at other facilities in this action. She also seeks to have someone from the Court come to investigate her allegations and the Detention Center. The Court does not conduct investigations. Finally, Plaintiff asks as part of her relief that the pending charges against her be dropped as relief in this case. The dropping of charges is not available as relief for her allegations to the extent the Court can understand them. All of these issues leave Plaintiff's filings unclear overall. Plaintiff needs to make the basis of her claims clear. She will have an opportunity to refile a Complaint to make her claims clearer and explain how each named Defendant allegedly violated her rights before the Court engages in a substantive review of her claims. Also, as stated in the instructions on the § 1983 forms, if Plaintiff needs more room than is provided on the Complaint form, she may attach additional pages to her Complaint. However, she should not simply write them in a separate letter that is not part of the Complaint.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, 7th day of July, 2025.

                                                          Joi Elizabeth Peake
                                            United States Magistrate Judge